UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAVID   ATHAN,   DARYL
JACKSON, COREY PARKER, and
ROBERT FLANNERY,**
on behalf of themselves and all other
persons similarly situated, known and
unknown,
          Plaintiffs,

vs.

**UNITED STATES STEEL CORP.,**
a foreign profit corporation,
          Defendant.

Case No:
Hon.
Magistrate Judge

_____/

Bryan Yaldou (P70600)
Leah Seliger (P79284)
Omar Badr (P70966)
THE LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
Bryan@yaldoulaw.com
*Attorneys for Plaintiffs*

_____/

## PLAINTIFFS' COMPLAINT AND JURY DEMAND

NOW COME Plaintiffs: David Athan ("Plaintiff Athan"), Daryl Jackson ("Plaintiff Jackson"), Corey Parker ("Plaintiff Parker"), and Robert Flannery ("Plaintiff Flannery") (collectively, the "Plaintiffs") by and through their attorneys, THE LAW OFFICES OF BRYAN YALDOU, PLLC, and for their Complaint against Defendant United States Steel Corporation ("Defendant US Steel"), hereby allege the following:

## INTRODUCTORY STATEMENT

1.      This is a civil action seeking relief under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Plaintiffs are employees of Defendant US Steel whose rights under these statutes have been violated. They now seek to recover the benefits owed to them under the FLSA due to Defendant US Steel's failure to pay Plaintiffs in a timely manner, failure to pay Plaintiffs minimum and overtime wages, and failure to maintain accurate records.

2.      Plaintiffs seek a declaration that their rights under the FLSA have been violated, an award of liquidated damages equal to the total amount of delayed compensation over the past three years, an award equal to any unpaid regular and overtime wages plus an equal amount of liquidated damages, and an award of reasonable attorneys' fees and costs, as provided for under the FLSA, to compensate them for the damages suffered and to ensure that they and other employees of Defendant US Steel will not suffer from similar unlawful conduct in the future.

2

## JURISDICTION AND VENUE

3.      Plaintiffs hereby repeat and reallege the preceding paragraphs as though fully set forth herein.

4.      This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a) and 1391(b), because Plaintiffs reside in this District, worked for Defendant US Steel in this District, suffered the damages at issue in this District; because Defendant US Steel has significant business contacts in this District; and because the actions and events giving rise to the instant claims occurred in this District.

## PARTIES

6.      Plaintiffs hereby repeat and reallege the preceding paragraphs as though fully set forth herein.

7.      Plaintiff Athan is an adult citizen of the State of Michigan, who resides in this judicial district.

8.      Plaintiff Jackson is an adult citizen of the State of Michigan, who resides in this judicial district.

9.      Plaintiff Parker is an adult citizen of the State of Michigan, who resides in this judicial district.

10.     Plaintiff Flannery is an adult citizen of the State of Michigan, who resides in this judicial district.

11.     Plaintiff Athan is a former employee of Defendant US Steel at its 80-inch strip mill at the Great Lakes Works location at 1 Quality Drive, Ecorse, MI 48229.

12.     Plaintiff Jackson is a current employee of Defendant US Steel, and has worked at its Great Lakes Works location at 1 Quality Drive, Ecorse, MI 48229 and well as its Zug Island location at 1300 Zug Island Rd, Detroit, MI 48209.

13.     Plaintiff Parker is a current employee of Defendant US Steel at its Great Lakes Works location at 1 Quality Drive, Ecorse, MI 48229.

14.     Plaintiff Flannery is a current employee of Defendant US Steel at its Great Lakes Works location at 1 Quality Drive, Ecorse, MI 48229.

15.     Defendant US Steel is a for-profit corporation with its registered office address at 601 Abbot Road, East Lansing, MI 48823.

## STATEMENT OF MATERIAL FACTS

16.     Plaintiffs hereby repeat and reallege the preceding paragraphs as though fully set forth herein.

17.     Plaintiffs are current and former employees of Defendant US Steel who work and have worked at its Great Lakes Works location at 1 Quality Drive, Ecorse, MI 48229 ("Great Lakes Works facility"), including the 80-inch strip mill; at its Zug

4

Island location at 1300 Zug Island Road, Detroit, MI 48209 ("Zug Island facility"); and at the Great Lakes Works Electrogalvanizing plant ("Great Lakes Works EGL facility") at 3000 Miller Road, Dearborn, MI 48120.

18.    Upon information and belief, US Steel employs at least 1,000 hourly employees and contract workers among its Michigan facilities.

19.    During their employment with Defendant US Steel, Plaintiffs were involved in the handling of goods that move in interstate commerce.

20.    Upon information and belief, Defendant US Steel was the world's 15th largest steel producer in 2014.

21.    Upon information and belief, the annual gross volume of sales made or business done by Defendant US Steel exceeds $500,000.00 exclusive of excise taxes.

22.    Plaintiff Athan was employed as a Maintenance Millwright Mechanic at Defendant US Steel's Great Lakes Works facility in Ecorse during the relevant period. Prior to working at the Great Lakes Works facility, Plaintiff Athan worked at Defendant US Steel's Great Lakes Works EGL facility in Dearborn.

23.    Plaintiff Jackson is employed as a Stove Tender at Defendant US Steel's Great Lakes Works facility and has worked at Defendant US Steel's Zug Island facility.

24.    Plaintiff Parker is employed as an Operating Technician at Defendant US Steel's Great Lakes Works facility.

25.     Plaintiff Flannery is employed as a Millwright at Defendant US Steel's Great Lakes Works facility.

26.     Upon information and belief, it is the policy of Defendant US Steel to pay its hourly employees at all of its Michigan locations on a biweekly schedule.

27.     Upon information and belief, supervisors of hourly employees at US Steel are responsible for submitting Plaintiffs' hours into the payroll system.

28.     Upon information and belief, the US Steel supervisors responsible for submitting Plaintiffs' hours into the payroll system regularly under-report Plaintiffs' and other employees' hours to the payroll system.

29.     Upon information and belief, the US Steel supervisors do not report the number of hours Plaintiffs actually work and record in the Oracle timekeeping system. Rather, their practice is to issue paychecks based on the hours scheduled for each employee.

30.     Plaintiffs have submitted paystubs that reveal a systematic and consistent practice of underpayment and later correction of employee wages by Defendant US Steel. (Exhibits A, B, C, D)

31.     Upon information and belief, Defendant did not keep accurate records of hours worked by Plaintiffs and others similarly situated as required by law. Upon information and belief, Defendant US Steel used Plaintiffs' work schedule as the basis for issuing payroll rather than the actual number of hours worked.

6

32.     In order to have shorted paychecks corrected, Plaintiffs made numerous and continued efforts to receive their full compensation.

33.     Plaintiffs' efforts to correct underpayment of wages included appeals to superiors at Defendant US Steel, including direct supervisors, other employees charged with handling payroll, payroll departments in the United States and payroll departments abroad. (Exhibits E, F, G, H)

34.     It has been established in this Circuit and others that late payment of wages is tantamount to nonpayment of wages under the FLSA. *Herman v. Fabri-Centers of America, Inc.,* 308 F. 3d 580, 591 (C.A. 6, 2002); *Salazar v. Brown*, 1996 U.S. Dist. LEXIS 18113, 27 (W.D. Mich. 1996) (Exhibit J); *Biggs v. Wilson,* 1 F.3d 1537, 1541-42 (C.A. 9, 1993); *Gordon v. Maxim Healthcare Services*, 2014 U.S. Dist. LEXIS 95864, 5-7 (E.D. Pa. 2014) (Exhibit K); *American Federation of State, Co. and Muni. Employees, Council 17 v. ex rel Dept. of Health & Hosps.,* U.S. Dist. LEXIS 2798, 6 (E.D. La. 1994) (Exhibit L).

35.     In addition, the collective bargaining agreement between Defendant US Steel and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union,

> "If an error in an amount greater than $150.00 has been made in the payment of an Employee's wages related to hours or positions worked, and the correction of said error is authorized by his/her supervisor, the correction shall be processed by Payroll within three (3) business days of such authorization."

(Exhibit I).

36.     This collective bargaining agreement governs the terms of employment for many if not all of the potential class members.

37.     Plaintiffs are frequently denied their full paycheck until another full pay period had passed. Then, when Plaintiffs' compensation is finally corrected, the underpaid wages show up as "retro pay" on subsequent paychecks.

38.     Plaintiffs' minimum and overtime wages are immediately calculable at the end of each pay period by Defendant US Steel based on Plaintiffs' time records.

39.     To date, Plaintiff Jackson has not received at least eight hours of wages owed to him from earlier pay periods.

40.     To date, Plaintiff Flannery has not received at least 20 hours of wages owed to him from earlier pay periods.

41.     To date, Plaintiff Parker has not received at least 24 hours of wages owed to him from earlier pay periods.

42.     Upon information and belief, at the time of this filing there are other similarly situated employees of Defendant US Steel who have unpaid wages outstanding from earlier pay periods.

43.     Plaintiffs, and similarly situated employees, seek payment of all unpaid minimum and overtime wages, an equal amount of liquidated damages, and

liquidated damages in an amount equal to Plaintiffs' delayed compensation as provided for under the FLSA 29 U.S.C. § 216(b):

> "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an **additional equal amount as liquidated damages**." (emphasis added).

## COLLECTIVE ACTION ALLEGATIONS – VIOLATION OF THE MINIMUM WAGE AND OVERTIME PROVISIONS UNDER THE FLSA

44.    Plaintiffs hereby repeat and reallege the preceding paragraphs as though fully set forth herein.

45.    Plaintiffs bring the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

46.    Plaintiffs assert those claims on behalf of themselves, and on behalf of all similarly situated employees of Defendant US Steel, who did not receive timely or accurate payment of minimum and overtime wages as required by the FLSA during the relevant period because of Defendant US Steel's unlawful compensation practices and failure to maintain accurate records.

47.    Plaintiffs seek to notify the following employees of their right under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join the action:

> "All current and former hourly employees who worked at any time during the past three years for Defendant US

> Steel, in Michigan, and were subject to a practice or policy
> wherein they were not paid all of their wages or were not
> paid all of their wages on time."

48.     The FLSA provides for a three-year statute of limitations for causes of

action arising out of a willful violation of that Act. 29 U.S.C. § 255.

49.     As alleged above, Plaintiffs' and similarly situated employees' claims

arise out of Defendant US Steel's willful violations of the FLSA. Accordingly, the

Court should require appropriate notice of this action be given to all similarly

situated employees who meet the description in paragraph 47 of this Complaint,

employed by Defendant within three years from the date of filing.

50.     Upon information and belief, Defendant US Steel has employed more

than 1,000 employees at its Michigan facilities during the period relevant to this

action.

51.     The identities of these employees, as a group, are known only to

Defendant US Steel. Because the numerous members of this collective action are

unknown to Plaintiffs, joinder of each member is impractical.

52.     Because employees who are similarly situated to Plaintiffs are readily

identifiable to Defendant US Steel and may be located through its records, they may

be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C.

§ 216(b), for collective adjudication of their FLSA claims.

53.     Collective adjudication is appropriate in this case because the employees whom Plaintiffs wish to notify of this action have been employed in positions similar to those of Plaintiffs; have performed work similar to that of Plaintiffs; and have been subject to compensation policies similar to those to which Plaintiffs were subject, including unlawful delays in payment of wages or nonpayment of wages.

**COUNT I**
**Violation of The Minimum Wage Provisions of the FLSA – Timely Payment**

54.     Plaintiffs hereby repeat and reallege the preceding paragraphs as though fully set forth herein.

55.     Plaintiff Athan was an employee of Defendant US Steel as defined by the FLSA at 29 U.S.C. § 203(e), as he was "suffered or permitted" to work for Defendant.

56.     Plaintiff Jackson is an employee of Defendant US Steel as defined by the FLSA at 29 U.S.C. § 203(e), as he is "suffered or permitted" to work for Defendant.

57.     Plaintiff Parker is an employee of Defendant US Steel as defined by the FLSA at 29 U.S.C. § 203(e), as he is "suffered or permitted" to work for Defendant.

58.     Plaintiff Flannery is an employee of Defendant US Steel as defined by the FLSA at 29 U.S.C. § 203(e), as he is "suffered or permitted" to work for Defendant.

59.    Defendant US Steel was Plaintiff Athan's "employer" as defined by the FLSA, 259 U.S.C. § 203(d), because Plaintiff Athan was "suffered or permitted to work" by Defendant US Steel.

60.    Defendant US Steel is Plaintiff Jackson's "employer" as defined by the FLSA, 259 U.S.C. § 203(d), because Plaintiff Jackson is "suffered or permitted to work" by Defendant US Steel.

61.    Defendant US Steel is Plaintiff Parker's "employer" as defined by the FLSA, 259 U.S.C. § 203(d), because Plaintiff Jackson is "suffered or permitted to work" by Defendant US Steel.

62.    Defendant US Steel is Plaintiff Flannery's "employer" as defined by the FLSA, 259 U.S.C. § 203(d), because Plaintiff Jackson is "suffered or permitted to work" by Defendant US Steel.

63.    Defendant US Steel is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

64.    Defendant US Steel is required to comply with the requirements of the FLSA.

65.    Plaintiffs frequently did not receive payment for all hours worked until *subsequent* pay periods, in violation of the minimum wage requirement provision of 29 U.S.C. § 206(a).

66.     Courts have recognized that if a payday has passed without payment, the employer cannot have met his obligation to pay. *Herman v. Fabri-Centers of America, Inc.,* 308 F. 3d 580, 591 (C.A. 6, 2002) (quoting *Biggs v. Wilson*, 1 F. 3d 1537 (9th Cir. 1993).

67.     Defendant US Steel, through its policy of untimely payments, is therefore in violation of the minimum wage provision of the FLSA and owes liquidated damages to Plaintiffs equal to the total amount of untimely payments made over the past three years.

## COUNT II
## Violation of The Overtime Provisions of the FLSA – Timely Payment

68.     Plaintiffs hereby repeat and reallege the preceding paragraphs as though fully set forth herein.

69.     Plaintiff Athan was an employee of Defendant US Steel as defined by the FLSA at 29 U.S.C. § 203(e), as he was "suffered or permitted" to work for Defendant.

70.     Plaintiff Jackson is an employee of Defendant US Steel as defined by the FLSA at 29 U.S.C. § 203(e), as he is "suffered or permitted" to work for Defendant.

71.     Plaintiff Parker is an employee of Defendant US Steel as defined by the FLSA at 29 U.S.C. § 203(e), as he is "suffered or permitted" to work for Defendant.

72.     Plaintiff Flannery is an employee of Defendant US Steel as defined by the FLSA at 29 U.S.C. § 203(e), as he is "suffered or permitted" to work for Defendant.

73.     Defendant US Steel was Plaintiff Athan's "employer" as defined by the FLSA, 259 U.S.C. § 203(d), because Plaintiff Athan was "suffered or permitted to work" by Defendant US Steel.

74.     Defendant US Steel is Plaintiff Jackson's "employer" as defined by the FLSA, 259 U.S.C. § 203(d), because Plaintiff Jackson is "suffered or permitted to work" by Defendant US Steel.

75.     Defendant US Steel is Plaintiff Parker's "employer" as defined by the FLSA, 259 U.S.C. § 203(d), because Plaintiff Jackson is "suffered or permitted to work" by Defendant US Steel.

76.     Defendant US Steel is Plaintiff Flannery's "employer" as defined by the FLSA, 259 U.S.C. § 203(d), because Plaintiff Jackson is "suffered or permitted to work" by Defendant US Steel.

77.     Defendant US Steel is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

78.     Defendant US Steel is required to comply with the requirements of the FLSA.

79.    Plaintiffs frequently did not receive payment for all overtime hours worked until subsequent pay periods, in violation of the overtime wage requirement provision of 29 U.S.C. § 207(a).

80.    The Wage and Hour Division's overtime guidelines (29 CFR 778.106), in the "Time of Payment" section, state:

> **The general rule is that overtime compensation earned in a particular workweek must be paid on the regular day for the period in which such workweek ends...Payment may not be delayed for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next payday after such computation can be made...** (emphasis added.)

81.    Defendant US Steel, through its policy of untimely payments, is therefore in violation of the overtime wage provision of the FLSA and owes damages to Plaintiffs equal to the total amount of untimely payments made over the past three years.

## COUNT III
## Violation of The Minimum Wage Provisions of the FLSA – Nonpayment

82.    Plaintiffs hereby repeat and reallege the preceding paragraphs as though fully set forth herein.

83.     Plaintiff Athan was an employee of Defendant US Steel as defined by the FLSA at 29 U.S.C. § 203(e), as he was "suffered or permitted" to work for Defendant.

84.     Plaintiff Jackson is an employee of Defendant US Steel as defined by the FLSA at 29 U.S.C. § 203(e), as he is "suffered or permitted" to work for Defendant.

85.     Plaintiff Parker is an employee of Defendant US Steel as defined by the FLSA at 29 U.S.C. § 203(e), as he is "suffered or permitted" to work for Defendant.

86.     Plaintiff Flannery is an employee of Defendant US Steel as defined by the FLSA at 29 U.S.C. § 203(e), as he is "suffered or permitted" to work for Defendant.

87.     Defendant US Steel was Plaintiff Athan's "employer" as defined by the FLSA, 259 U.S.C. § 203(d), because Plaintiff Athan was "suffered or permitted to work" by Defendant US Steel.

88.     Defendant US Steel is Plaintiff Jackson's "employer" as defined by the FLSA, 259 U.S.C. § 203(d), because Plaintiff Jackson is "suffered or permitted to work" by Defendant US Steel.

89.     Defendant US Steel is Plaintiff Parker's "employer" as defined by the FLSA, 259 U.S.C. § 203(d), because Plaintiff Jackson is "suffered or permitted to work" by Defendant US Steel.

90.     Defendant US Steel is Plaintiff Flannery's "employer" as defined by the FLSA, 259 U.S.C. § 203(d), because Plaintiff Jackson is "suffered or permitted to work" by Defendant US Steel.

91.     Defendant US Steel is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

92.     Defendant US Steel is required to comply with the requirements of the FLSA.

93.     Some of Plaintiffs' wages remain unpaid as of the filing of this complaint in violation of the minimum wage provision of the FLSA, 29 U.S.C. § 206(a).

94.     Defendant US Steel is therefore in violation of the minimum wage provision of the FLSA and owes Plaintiffs minimum wages for all hours worked and liquidated damages equal to the total amount of wages from the past three years that remain unpaid.

## COUNT IV
## Violation of The Overtime Provisions of the FLSA –Nonpayment

95.     Plaintiffs hereby repeat and reallege the preceding paragraphs as though fully set forth herein.

96.    Plaintiff Athan was an employee of Defendant US Steel as defined by the FLSA at 29 U.S.C. § 203(e), as he was "suffered or permitted" to work for Defendant.

97.    Plaintiff Jackson is an employee of Defendant US Steel as defined by the FLSA at 29 U.S.C. § 203(e), as he is "suffered or permitted" to work for Defendant.

98.    Plaintiff Parker is an employee of Defendant US Steel as defined by the FLSA at 29 U.S.C. § 203(e), as he is "suffered or permitted" to work for Defendant.

99.    Plaintiff Flannery is an employee of Defendant US Steel as defined by the FLSA at 29 U.S.C. § 203(e), as he is "suffered or permitted" to work for Defendant.

100.   Defendant US Steel was Plaintiff Athan's "employer" as defined by the FLSA, 259 U.S.C. § 203(d), because Plaintiff Athan was "suffered or permitted to work" by Defendant US Steel.

101.   Defendant US Steel is Plaintiff Jackson's "employer" as defined by the FLSA, 259 U.S.C. § 203(d), because Plaintiff Jackson is "suffered or permitted to work" by Defendant US Steel.

102.   Defendant US Steel is Plaintiff Parker's "employer" as defined by the FLSA, 259 U.S.C. § 203(d), because Plaintiff Jackson is "suffered or permitted to work" by Defendant US Steel.

103.   Defendant US Steel is Plaintiff Flannery's "employer" as defined by the FLSA, 259 U.S.C. § 203(d), because Plaintiff Jackson is "suffered or permitted to work" by Defendant US Steel.

104.   Defendant US Steel is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

105.   Defendant US Steel is required to comply with the requirements of the FLSA.

106.   Some of Plaintiffs' overtime wages remain unpaid as of the filing of this complaint in violation of the overtime wage provision of the FLSA, 29 U.S.C. § 207(a).

107.   The Wage and Hour Division's overtime guidelines (29 CFR 778.106), in the "Time of Payment" section, state:

> **The general rule is that overtime compensation earned in a particular workweek must be paid on the regular day for the period in which such workweek ends...Payment may not be delayed for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next payday after such computation can be made...** (emphasis added.)

108.   Defendant US Steel is therefore in violation of the overtime wage provision of the FLSA and owes Plaintiffs compensation for all unpaid overtime hours worked during the past three years and an equal amount of liquidated damages.

## COUNT V
## Failure to Maintain Records

109.   Plaintiffs hereby repeat and reallege the preceding paragraphs as though fully set forth herein.

110.   This count arises from Defendant US Steel's violation of the FLSA's record-keeping requirements, 29 U.S.C. sec. 211(c).

111.   Pursuant to 29 U.S.C. sec. 211 (c), any employer subject to the FLSA shall make, keep, and preserve employment records documenting the wages and hours actually worked by each employee.

112.   Defendant US Steel failed to maintain accurate records in its payroll system of employees' hours worked, in violation of the FLSA.


WHEREFORE, Plaintiffs respectfully request that the court enter judgment against Defendant US Steel and in favor of Plaintiffs, declare that Defendant US Steel willfully violated the applicable minimum wage and overtime provisions of the FLSA, and grant Plaintiffs compensatory damages in an amount to be determined at trial, along with liquidated damages and reasonable attorneys' fees and costs incurred in prosecuting this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that the Court grant the following relief:

A.     That the actions of Defendant US Steel complained of herein be adjudicated, decreed, and declared a violation of Defendant US Steel's obligations under the FLSA;

B.     Find that Defendant US Steel willfully violated the FLSA, and enter judgement in Plaintiffs' favor and accordingly against Defendant US Steel;

C.     Certify the federal-law claims in this case as a collective action under Section 16(b) of the FLSA, 29 U.S.C § 216(b), and require that notice of their right to join this action by filing with this Court written consent to do so be given to all of Defendant US Steel's employees similarly situated to Plaintiffs;

D.     Declare the rights of the parties and provide commensurate injunctive relief;

E.     Award Plaintiffs liquidated damages in the amount of any wages that were not paid in a timely fashion in accordance with the FLSA.

F.     Award any compensatory damages due to Plaintiffs for any unpaid wages together with an equal amount in liquidated damages according to applicable statutes of limitations;

G.     Award prejudgement interest with respect to the total amount of untimely compensation to the extent permitted by applicable law;

H.     Establish a constructive trust, until further order of the Court, consisting of monies improperly withheld by Defendant US Steel through its misconduct described above;

I.     Award reasonable attorneys' fees and costs to Plaintiffs' counsel as allowed by applicable law and statute; and

J.     Award such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

NOW COME Plaintiffs, by and through their attorneys, THE LAW OFFICES OF BRYAN YALDOU, PLLC, on behalf of themselves and others similarly situated, and hereby demand a trial by jury of the above entitled matter.

/s/ Bryan Yaldou
Bryan Yaldou (P70600)
Leah Seliger (P79284)
Omar Badr (P70966)
THE LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
bryan@yaldoulaw.com

*Attorneys for Plaintiffs*

Dated:  December 29, 2017